UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TROY BROWN, | ) |
| :--- | :--- |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:09cv0697 TCM |
| ST. LOUIS METROPOLITAN TOWING, L.C., et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This action is before the Court[1] on three motions to dismiss the first count in the seven-count complaint, a motion to dismiss filed by the City of St. Louis, and a motion for leave to file an amended complaint to name two additional defendants.

**Discussion**

This action has its genesis in the towing, storing, and sale of two automobiles, a 1986 Mercedes Benz ("the Mercedes") and a 2003 Cadillac Escalade ("the Cadillac"). (Compl. ¶ 8.) In April 2004, both were owned by Troy Brown ("Plaintiff"), a resident of the City of St. Louis ("City"). (Id. ¶¶ 1, 8.) That same month, Plaintiff was taken into custody by the officers of the St. Louis Metropolitan Police Department ("the Department") and was thereafter, at all times relevant, confined. (Id. ¶ 10.) The same day he was taken into custody, his Mercedes and Cadillac were towed by St. Louis Metropolitan Towing, L.C.

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

("SLMT"), allegedly in concert with the St. Louis Board of Police Commissioners ("the Board") "and/or" the City. (Id. ¶ 11.)

On April 14, Plaintiff gave a "broad and comprehensive" power of attorney to Tonya Johnson. (Id. ¶ 12.) Ms. Johnson tried at various times to pay the towing and storage charges on the two automobiles, but was "ignored, rebuffed, or informed the vehicles were not there and generally told to cease her attempts to take possession . . . ." (Id. ¶ 13.) The lienholder on the Cadillac, General Motors Acceptance Corporation ("GMAC"), offered to pay a reasonable towing and storage charges and demanded possession of the Cadillac. (Id. ¶¶ 14, 21.) GMAC was also rebuffed. (Id. ¶ 21.)

In April 2005, the Cadillac was sold as abandoned property by the Department and Board to Park Auto Sales for $6,000.00. (Id. ¶ 23.) Defendants SLMT; S & H Towing, LLC ("SHT"); S & H Parking, LC ("SHP"); Kenneth Bialczak; and William Bialczak do business as Park Auto Sales. (Id. ¶ 5.) Plaintiff was not listed on the application for title or any other forms as an owner, nor was GMAC listed as a lienholder. (Id. ¶ 23.) The Mercedes, which had been in Plaintiff's garage before it was towed, was sold as abandoned property in August 2004 by the Department and Board. (Id. ¶ 30.)

In Count I of his complaint, Plaintiff alleges that SLMT, SHT, SHP, Kenneth Bialczak, "and/or" William Bialczak (collectively referred to as the "Towing Defendants") "individually and/or in combination with Defendants Board of Police Commissioners and/or City of St. Louis" violated the Missouri Merchandise Practices Act, Mo.Rev.Stat. § 407.010 to 407.130 ("MPA"), in nine respects. (Id. ¶ 33.) Specifically, they (a) used duress or undue influence when towing the automobiles from his property; (b) used duress or undue

influence by refusing to return the automobiles to him or to his authorized agent and by not allowing him or GMAC to have the Cadillac unless SLMT "was paid thousands of dollars"; (c) used "an unconscionable act or practice by refusing to return vehicles" to him, his agent, or GMAC; (d) converted the automobiles by unlawfully asserting title to them and then selling them; (e) violated various state statues and regulations governing the towing, possession, confiscation, and ownership of property; (f) fraudulently or incorrectly completed Missouri Department of Revenue forms for notifying owners of towed property and for acquiring and transferring title and ownership of vehicles; (g) unlawfully claimed or asserted title to and ownership of the vehicles; (h) arranged for and participated in a "sham transaction" in order to sell a vehicle far below its worth and then substantially profit for a resell; and (i) conspired and acted with members of the Department, the Board, "and/or" the City to deprive Plaintiff of his property and of his constitutional and statutory rights. (Id.) Essentially, Plaintiff argues that the Towing Defendants unlawfully took, kept, and sold his two automobiles. For these violations, Plaintiff seeks actual damages, statutory or nominal damages, punitive damages, reasonable attorney's fees, and costs. (Id. at 10.)

SLMT, SHT, and SHP move to dismiss Plaintiff's MPA count pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that his allegations do not describe any act in which they engaged that is an unlawful practice under the MPA and or any act which was in connection with the sale or advertisement of any merchandise in trade or commerce. They further argue that there is no allegation that Plaintiff sustained any ascertainable loss of money or real or personal property as a result of any unlawful act of

theirs or that he purchased from them merchandise or services. Kenneth Bialczak and William Bialczak have filed separate motions to dismiss on the same grounds.

Also pending is a Rule 12(b)(6) motion by the City to dismiss it on the grounds that Plaintiff is impermissibly attempting to hold it liable under a theory of respondeat superior for the acts of the Department or Board, neither of which it has any control over, and for the acts of SLMT, SHT, SHP, and the Bialczaks, none of which are agents or employees of the City. Moreover, the City does not use the services of SLMT or of SHT.

Plaintiff opposes all four motions.

## **Discussion**[2]

Rule 12(b)(6) Standard. When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. **Ashcroft v. Iqbal**, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Twombly**, 550 U.S. at 555 (quoting first Fed. R. Civ. P. 8(a)(2) and then Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly, supra); see also **Gregory v. Dillard's Inc.**, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct.

---

[2]Much of the following discussion is taken from the Court's Memorandum and Order in a similar case with the same issues, Ford v. St. Louis Metro. Towing, L.C., No. 4:09cv0512 TCM (E.D. Mo. Feb. 18, 2010).

628 (2009). Although detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. **Twombly**, 550 U.S. at 555; accord **Iqbal**, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." **Twombly**, 550 U.S. at 570; accord **Iqbal**, 129 S.Ct. at 1949; **Braden v. Wal-Mart Stores, Inc.**, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Iqbal**, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. **Twombly**, 550 U.S. at 570; accord **Iqbal**, 129 S.Ct. at 1950. In considering a Rule 12(b)(6) motion, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." **Braden**, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See **Neitzke v. Williams**, 490 U.S. 319, 327 (1989).

MPA Claim. At issue in the three motions to dismiss Count I is the reach of the MPA. The movants argue that the MPA count does not state a cause of action because Plaintiff does not allege that they engaged in any act made unlawful under the MPA or that any act they did engage in was done in connection with the sale or advertisement of any merchandise in trade or commerce.

The "fundamental purpose" of the MPA is to protect consumers and, "to promote that purpose, the act prohibits false, fraudulent or deceptive merchandising practices. [Mo. Rev.

Stat.] Section 407.020." **Huch v. Charter Commc'ns, Inc.**, 290 S.W.3d 721, 724 (Mo. 2009) (en banc). More specifically,

> [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice. . . . Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

Mo. Rev. Stat. § 407.020.1. "Missouri courts construe 'unfair practice' under 407.020 as 'unrestricted, all-encompassing and exceedingly broad. For better or worse, the literal words cover every practice imaginable and every unfairness to whatever degree.'" **Williams v. Regency Financial Corp.**, 309 F.3d 1045, 1050 (8th Cir. 2002) (quoting Ports Petro. Co. v. Nixon, 37 S.W.3d 237, 240 (Mo. 2001) (en banc)). Regulations promulgated pursuant to the MPA broadly define an unfair practice, in relevant part, as (a) any practice which offends public policy as established by Missouri's Constitution, statutes, or common law; or by the Federal Trade Commission and its interpretive decisions and which presents a risk of or causes substantial injury to consumers; as well as a practice which "[i]s unethical, oppressive, or unscrupulous" and which "[p]resents a risk of, or causes, substantial injury to consumers," 15 Mo. Code of State Regs. § 60-8.020(1); (b) the use or employment of any duress or undue influence by any person in connection with the advertisement or sale of merchandise, § 60-8.050; and (c) any unconscionable act or practice by any person in connection with the sale of merchandise, specifically declaring that "[i]t is unconscionable

to take advantage of an unequal bargaining position and obtain a contract or term which results in a gross disparity of values exchanged," § 60-8.080.

Plaintiff alleges that the Towing Defendants used or employed duress, undue influence, or an unconscionable or practice to take, convert, and then sell his property. These allegations are sufficient to describe an act within the ambit of the MPA's expansive interpretation of "unfair practices."

Plaintiff must also sufficiently allege that the complained-of practices were "in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." Mo. Rev. Stat. § 407.020.1. "Merchandise" has a broad meaning that encompasses services.[3] Mo.Rev.Stat. § 407.010(4). The "merchandise" at issue is the towing, storing, and selling of Plaintiff's two automobiles. These activities describe "services" sufficiently to survive a motion to dismiss.

Although the allegations of the Towing Defendants' conduct describe practices and services encompassed by the MPA, the allegations of Plaintiff's actions do not place him within the class of people the MPA protects – "any person who purchases or leases merchandise primarily for personal, family, or household purposes and who 'suffers an ascertainable loss of money or property.'" **Huch**, 290 S.W.3d at 725 (quoting Mo.Rev.Stat. § 407.025.1).

The term "purchase" is not defined in the MPA; however, the Missouri Court of Appeals noted in discussing an MPA claim that it "is defined in Webster's dictionary as

---

[3]Three is no allegation that an "advertisement" is at issue.

meaning 'to obtain by paying money or its equivalent.'" **Raster v. Ameristar Casinos, Inc.**, 280 S.W.3d 120, 128 (Mo. Ct. App. 2009) (quoting Jackson v. Charlie's Chevrolet, Inc., 664 S.W.2d 675, 677 (Mo. Ct. App. 1984)). Although Plaintiff alleges he attempted to pay for the towing and storing charges, he further alleges that he, acting through his agent, was prevented from doing so. In **Ziglin v. Players MH, L.P.**, 36 S.W.3d 786, 790 (Mo. Ct. App. 2001), the Missouri Court of Appeals rejected a MPA claim by a plaintiff who had attempted to place a bet but was prevented from doing so by a casino employee, finding that *an attempt* to bet was not a purchase and, consequently, the plaintiff had failed to suffer damage. Accord **Amburgy v. Express Scripts, Inc.**, — F. Supp.2d — , 2009 WL 4067218, *9-10 (E.D. Mo. 2009) (Rule 12(b)(6) dismissal of MPA claim by plaintiff who failed to plead that he had paid anything of value for purchase or lease of merchandise); **Walsh v. Al West Chrysler, Inc.**, 211 S.W.3d 673, 675 (Mo. Ct. App. 2007) (rejecting MPA claim by plaintiff who had attempted to, but did not, purchase car); **Freeman Health Sys. v. Wass**, 124 S.W.3d 504, 507-08 (Mo. Ct. App. 2004) (rejecting MPA claim of plaintiff who had paid nothing for received services that were basis for claim, regardless of possibility of future judgment for failure to pay).

For the foregoing reasons, the Court finds that Plaintiff's Count I allegations fail to state a claim under the MPA. Count I will be dismissed.[4]

The City of St. Louis. Plaintiff's allegations against the City of St. Louis are cursory and confusing. In his general allegations, he states that "Defendant City of St. Louis is a City

---

[4]The MPA count was not dismissed in Ford, see note 2, supra; however, there was a "purchase" in that case.

and a municipality of the State of Missouri and is served by a permanent police force known as the St. Louis Metropolitan Police Department." (Compl. ¶ 6.) The City "and/or" the Department had "an agreement or arrangement" with SLMT to tow vehicles, generate an invoice, and charge the customer for the towing and any storage. (Id. ¶ 11.) The Mercedes and the Cadillac were sold by the Department-Board. (Id. ¶¶ 23, 30.) In the remaining allegations and in the prayers for relief, "the City" is always preceded by "and/or."

In **Gregory**, 565 F.3d at 473 n.9, the Eighth Circuit noted that the use of "and/or" in the "jurisdiction and venue" section of the complaint to refer to the plaintiffs "[did] not connect any particular plaintiff to any particular allegation." The court further noted the case of Ollilo v. Clatskanie Peoples' Util. Dist., 132 P.2d 416, 419 (Or. 1942), and quoted the portion in which that court "observ[ed] that the use of 'and/or' 'generally tends toward confusion' and describ[ed] 'and/or' as 'a sort of verbal monstrosity which courts have quite generally condemned.'" **Id.** Similarly, in the instant case, the only specific allegation against the City is that it is served by a police force. All other allegations employ "and/or" when referring to the City. Clearly, even under notice pleading standards, see Fed. R. Civ. P. 8(a), this is insufficient. See **Ashcroft**, 129 S.Ct. at 1954 (rejecting plaintiff's argument that complaint alleging he was discriminated against based on "religion, race, and/or national origin" was sufficiently well-pleaded on grounds that Federal Rules did "not require courts to credit a complaint's conclusory statements without reference to its factual context").

The City of St. Louis will be dismissed.[5]

Motion to Amend. Plaintiff seeks to amend his complaint to additionally name two police officers as defendants and explains in his motion what the two officers allegedly did. Plaintiff has not attached a copy of his proposed amended complaint.

It is well established that "[l]eave to amend a complaint 'shall be given freely when justice so requires.'" **Pet Quarters, Inc. v. Depository Trust and Clearing Corp.**, 559 F.3d 772, 782 (8th Cir. 2009) (quoting Fed.R.Civ.P. 15(a)); accord **Alternate Fuels, Inc. v. Cabanas**, 538 F.3d 969, 974 (8th Cir. 2008); **McAninch v. Wintermute**, 491 F.3d 759, 766 (8th Cir. 2007). "Leave to amend generally is inappropriate, however, where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would have contained." **Pet Quarters**, 559 F.3d at 782. Leave to amend is also inappropriate when the amendment would be futile. **Alternate Fuels**, 538 F.3d at 969; **McAninch**, 491 F.3d at 766.

Because Plaintiff did not submit a proposed amended complaint including the allegations against the proposed two police officers, instead describing in his motion what the two police officers allegedly did, the Court is unable to determine if an amendment would be futile, as it clearly would be if the two were named only in Count I.

---

[5]The Court notes that the allegations against the City in Ford, see note 2, supra, include more detail than do the ones in the instant case.

## Conclusion

Plaintiff's allegations in Count I fail to state an MPA claim. His allegations against the City of St. Louis also fail to state a claim. Accordingly,

**IT IS HEREBY ORDERED** that the motion filed by St. Louis Metropolitan Towing, LC, S & H Towing, LLC, and S & H Parking System, LC, to dismiss Count I; the motion of Kenneth Bialczak to dismiss Count I; and the motion of William Bialczak to dismiss Count I are each **GRANTED**. [Docs. 22, 28, 31] Count I of the complaint is DISMISSED.

**IT IS FURTHER ORDERED** that the motion to dismiss of the City of St. Louis is **GRANTED**. [Doc. 53] The claims of Troy Brown against the City of St. Louis are DISMISSED.

**IT IS FINALLY ORDERED** that the motion of Troy Brown to amend or modify the case management order and motion for leave to join additional parties is **DENIED**. [Doc. 72]

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  4th  day of March, 2010.